**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NATIONAL FIRE & MARINE INSURANCE COMPANY, a foreign corporation; et al., <br><br> Defendants - Appellees. | No. 09-17202 <br><br> D.C. No. 2:07-cv-02237-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 5, 2010
San Francisco, California

Before: HALL and THOMAS, Circuit Judges, and RESTANI, Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Plaintiff-appellant American Family Mutual Insurance ("American Family") appeals the district court's summary judgment order in favor of National Fire & Marine Insurance Company ("National Fire") and Owners Insurance Company ("Owners") (collectively "defendants"). American Family seeks indemnification from defendants for legal defense it is providing on behalf of George F. Tibsherany Development Corporation ("GFTDC") in a construction defect suit. The district court concluded that American Family failed to produce sufficient evidence to invoke the mailbox rule with regards to the tender letters and that GFTDC breached the notice provisions in the defendants' policies. The district court also found that Owners was not equitably estopped from denying coverage. We have jurisdiction under 28 U.S.C. § 1291 and we reverse and remand.

American Family asserts that it produced sufficient evidence to invoke a rebuttable presumption of delivery under the mailbox rule with regards to the insurance tender letters and that it provided sufficient notice of the construction defect suit to the defendants. In the context of summary judgment, the Court must view the evidence in the light most favorable to American Family. Singh v. Clinton, 618 F.3d 1085, 1088 (9th Cir. 2010). The district court erred in granting summary judgment because there are unresolved issues of material fact as to

whether the tender letters were mailed and whether notice was properly given.  See

Singh, 618 F.3d at 1088.

American Family also contends that the district court abused its discretion in refusing to consider portions of the record pertaining to its estoppel claim, which it failed to cite in its briefs, but corrected at oral argument.  Am. Family Mut. Ins. Co. v. Nat'l Fire & Marine Ins. Co., No. CV07-2237-PHX-NVW, 2009 WL 2870195 at *10 (D. Az. Sept. 3, 2009).  The district court abuses its discretion by excluding evidence if the exclusion is both "manifestly erroneous" and prejudicial.  Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).  A local rule states that a party opposing summary judgment shall file a statement and support each fact in their statement with "a specific admissible portion of the record."[1]  LRCiv 56.1(b).  This district court abused its discretion by excluding the evidence because (1) it was "manifestly erroneous" for the Court to exclude the evidence after American Family diligently attempted to cure the minor and inadvertent omission during oral argument and (2) American Family was prejudiced because it was not permitted to present crucial evidence supporting the reliance prong of its estoppel claim.  See

---

[1] The local rules are silent as to what the district court must do if a fact is not properly supported by a citation to the record.  See LRCiv 56.

Orr, 285 F.3d at 773; see also Acosta v. Phx. Indem. Ins. Co., 153 P.3d 401, 405

(Ariz. Ct. App. 2007).

**REVERSED and REMANDED**.